IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JESSE CURRY,
an individual,

       Plaintiff,

v.

Case No.: 15-CC-027398
DIVISION J

ASSET ACCEPTANCE, LLC,
a foreign limited liability company,

       Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JESSE CURRY (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, ASSET ACCEPTANCE, LLC (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA").

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 34.01(c), as well as 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Hillsborough County, Florida.

1

4. At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

5. Defendant is a foreign limited liability company existing under the laws of the State of Delaware that, itself and through its subsidiaries, regularly purchases and collects consumer debts from original creditors.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7). *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) cert. denied, 135 S. Ct. 1844 (2015) (finding that debt-buyers are "undisputedly" subject to the FDCPA).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

8. At all material times herein, Defendant attempts to collect a debt, including but not limited to, an alleged balance due on a consumer credit card referenced by original account number ending in -7702 that eventually resulted in a judgment (hereinafter, "Debt").

9. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

10. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes,

Section 559.55(2) and 15 United States Code, Section 1692a(2).

12. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. Prior to November 1, 2005, Plaintiff was issued a consumer credit card by Nextcard (hereinafter, "Credit Card").

15. Sometime after Plaintiff was issued the Credit Card, Defendant allegedly purchased the Debt from Nextcard.

16. When Defendant acquired the Debt from Nextcard, the Debt was already in default.

17. On or about November 1, 2005, Defendant filed a collection lawsuit against Plaintiff in Hillsborough County, Florida. Please see attached a true and correct copy of the case summary for Defendant's suit against Plaintiff labeled as Exhibit "A1-A3."

18. On or about December 16, 2005, Defendant received a judgment in its favor against Plaintiff (hereinafter, "Final Judgment"), requiring Plaintiff to pay Defendant Asset a total sum of $5,873.59 bearing 7% annual interest. Please see attached a true and correct copy of the Final Judgment labeled as Exhibit "B."

19. Following the issuance of the Final Judgment, Plaintiff and Defendant agreed upon a payment plan to govern Plaintiff's payment of the Debt. Plaintiff agreed to have $99.00 withdrawn from Plaintiff's bank account on a monthly basis via ACH in order to satisfy the Final

Judgment (hereinafter, "Payment Agreement"). Plaintiff took the precautionary measure of setting up overdraft protection on the bank account so that a payment would not be missed for lack of funds.

20. Upon information and belief, said payment plan began in September 2010. Plaintiff did not miss a payment from the start of the Payment Agreement until the last payment Defendant withdrew in May 2013. Please attached see true and correct copies of Plaintiff's relevant bank account statements from October of 2012 to May 2013 labeled as Exhibit "C1-C7."

21. On or about May 2, 2013, Defendant initiated the last withdrawal from Plaintiff's bank account. Please see attached a true and correct copy of the statement for Plaintiff's bank account from May 2013 labeled as Exhibit "D."

22. Defendant did not inform Plaintiff that the Payment Agreement was going to be modified or cancelled.

23. On or before January 9, 2014, despite Plaintiff's compliance with the Payment Agreement and his timely payments, Defendant assigned the Debt for servicing or collection to Midland Credit Management, Inc. (hereinafter, "MCM").

24. When Defendant assigned the Debt to MCM for servicing, collection, or both, Defendant incorrectly informed MCM that the balance due on the Debt was $6,063.33 and instructed MCM to collect the full balance allegedly due on the Debt from Plaintiff.

25. As of January 9, 2014, however, the balance on the Debt was not, and could not have been, $6,063.33 because Plaintiff made repeated timely $99.00 payments on the agreed-to balance of $6,000 according to the Payment Agreement.

26. On or about January 9, 2014, MCM—on Defendant's behalf, and with

4

Defendant's knowledge, consent and approval—sent Plaintiff a collection letter (hereinafter, "Collection Letter") in an attempt to collect the Debt. The Collection Letter informed Plaintiff that MCM was "seeking to recover the amount of $6,063.33." Please see attached a true and correct copy of the Collection Letter labeled as Exhibit "E1-E2."

27. The Collection Letter fails to reference Plaintiff's Payment Agreement with Defendant, and further fails to indicate if the alleged balance due accounted for payments Plaintiff had already made on the Debt to Defendant.

28. On or about August 19, 2014, despite Plaintiff's compliance with the Payment Agreement, and despite Defendant failing to provide any justification for modifying or cancelling the Payment Agreement and attempting to collect and alleged "full balance due" of $6,063.33 via its agent MCM, Defendant moved for a writ of garnishment of Plaintiff's checking account with Bank of America. *See* Exhibit "A2."

29. On or about August 21, 2014, Defendant's motion was granted and a writ of garnishment was issued for Plaintiff's checking account with Bank of America. *See* Exhibit "A2."

30. On or about October 3, 2014, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") with respect to his debts generally, including the Debt.

31. Plaintiff's Bank of America checking account remained garnished until approximately January 12, 2015, when Defendant moved for a dissolution of writ. *See* Exhibit "A2."

32. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their

services.

33. As a direct result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that his timely payments on the Debt according to the Payment Agreement were wholly ineffective, and that Defendant's actions would simply have to be endured.

34. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

35. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further state as follows:

36. Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

37. Specifically, despite Plaintiff's compliance with the Payment Agreement, Defendant assigned Plaintiff's account to MCM, a third party debt collector, without notice to Plaintiff, and discontinued honoring the Payment Agreement.

38. Further, despite timely payments in accordance with the Payment Agreement for more than 2 years, Defendant instructed MCM to collect an alleged full balance of $6,063.33

from Plaintiff. *See* Exhibit "E1."

39. MCM's immediately-aforementioned attempt to collect the entire Debt constituted an indirect attempt by Defendant to collect the Debt.

40. Additionally, Defendant attempted to collect the full balance allegedly due on the Debt via garnishment of Plaintiff's wages without providing notice to Plaintiff that the Payment Agreement had changed or ended, without providing Plaintiff an explanation as to how Defendant arrived at the balance allegedly due of $6,063.33, and without disclosing whether the alleged balance due accounted for Plaintiff's previous timely payments under the Payment Agreement.

41. Defendant's conduct was abusive and harassing because Defendant's sudden, unexplained garnishment of Plaintiff's Checking Account alarmed and disturbed Plaintiff, who believed that his multiple years of on time payments were completely disregarded by Defendant.

42. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

43. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

44. Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(9) by asserting the existence of a legal right with the knowledge that the right

does not exist and by attempting to collect an illegitimate debt.

45. Specifically, despite over two years of timely payments according to the Payment Agreement agreed to by Defendant, Defendant attempted to collect the entire amount allegedly due on the Debt via its agent MCM, and subsequently via garnishment of Plaintiff's Checking Account without crediting Plaintiff's prior payments.

46. Defendant knew that Plaintiff complied with the Payment Agreement without a single late or missed payment, and therefore the full balance due on the Debt was not $6,063.33 at the time Defendant garnished Plaintiff's bank account.

47. Therefore, Defendant's collection attempt via its agent MCM, and subsequent garnishment of Plaintiff's bank account in an attempt to collect the full $6,063.33 allegedly due on the Debt constituted an assertion of a legal right to collect said balance with the knowledge that said legal right to collect such an amount does not exist.

48. Further, Defendant attempted to collect an illegitimate Debt by collecting any amount above the agreed-to balance of $6,000.00 misses all payments made according to the Payment Agreement.

49. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## **VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

50. Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or

abuse Plaintiff in connection with the collection of the Debt.

51. Specifically, despite Plaintiff's compliance with the Payment Agreement, Defendant assigned Plaintiff's account to MCM, a third party debt collector, without notice to Plaintiff, and discontinued honoring the Payment Agreement.

52. Further, despite timely payments in accordance with the Payment Agreement for more than 2 years, Defendant instructed MCM to collect an alleged full balance of $6,063.33 from Plaintiff. *See* Exhibit "E1."

53. MCM's immediately-aforementioned attempt to collect the entire Debt constituted an indirect attempt by Defendant to collect the Debt.

54. Additionally, Defendant attempted to collect the full balance allegedly due on the Debt via garnishment of Plaintiff's wages without providing notice to Plaintiff that the Payment Agreement had changed or ended, without providing Plaintiff an explanation as to how Defendant arrived at the balance allegedly due of $6,063.33, and without disclosing whether the alleged balance due accounted for Plaintiff's previous timely payments under the Payment Agreement.

55. Defendant's conduct was abusive and harassing because Defendant's sudden, unexplained garnishment of Plaintiff's Checking Account alarmed and disturbed Plaintiff, who believed that his multiple years of on time payments were completely disregarded by Defendant.

56. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e and e(10)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

57. Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692e and e(10) by using false representation and deceptive means in attempting to collect the Debt.

58. Specifically, despite over two years of timely payments according to Payment Agreement agreed to by Defendant, Defendant attempted to collect the entire amount allegedly due on the Debt via garnishment of Plaintiff's bank account without crediting Plaintiff's prior payments.

59. Further, Defendant instructed MCM to attempt to collect the full balance allegedly due on the Debt when Defendant assigned the Debt to MCM for collection, despite Plaintiff's timely payments on the Debt in compliance with the Payment Agreement for over two years.

60. By instructing MCM to attempt to collect the full balance allegedly due on the Debt without crediting Plaintiff's prior payments on the Debt, Defendant falsely represented the amount actually due on the Debt to Plaintiff in its indirect attempt to collect the Debt.

61. Additionally, assigning the Debt to MCM and instructing MCM to collect the full balance allegedly due on the Debt without crediting Plaintiff's prior payments when Plaintiff was in compliance with the payment plan at all material times, constitutes deceptive means in connection with the collection of the Debt.

62. As a direct and approximate result of Defendant's actions, Plaintiff has sustained

damages as defined by 15 United States Code, Section 1692k.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f(1)

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

71. Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692f(1) by using unfair or unconscionable means to collect or attempt to collect the Debt by collecting amounts including interest, fee, charge, or expense incidental to the principal obligation, where such amount is not expressly authorized by the agreement creating the Debt or permitted by law.

72. Specifically, Defendant instructed MCM to allege in its Collection Letter that Plaintiff owed $6,063.33 on the Debt despite the original principal owed on the Final Judgment being $5,873.59 and despite Plaintiff having made regular on-time payments to Defendant for over two years according to the Payment Agreement.

73. Defendant also failed to demonstrate how it arrived at the total alleged balance due on the Debt, and subsequently unlawfully attempted to garnish Plaintiff's Checking Account in an attempt to collect the full $6,063.33 allegedly due on the Debt.

74. As a direct and approximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

    a. Judgment against Defendant declaring that the Defendant violated the FCCPA;

b. Judgment against Defendant enjoining Defendant from its continued contact in

c. Judgment against Defendant for maximum statutory damages under the FCCPA;

d. Judgment against Defendant for maximum statutory damages under the FDCPA;

e. Judgment against Defendant for actual damages suffered by Plaintiff, in an amount to be determined at trial;

f. An award of attorneys' fees and costs; and

g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

LEAVENLAW

*/s/ Aaron M. Swift*
☐ Ian R. Leavengood, Esq., FBN 0010167
[X] Aaron M. Swift, Esq., FBN 0093088
☐ Gregory H. Lercher, Esq., FBN 0106991
☐ Sara J. Weiss, Esq., FBN 0115637
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305

consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA      )
                      )
COUNTY OF _____  )

Plaintiff JESSE CURRY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JESSE CURRY

Subscribed and sworn to before me
this _18_ day of _August_, 2015.

Notary Public

Proof of ID: _____

My Commission Expires: _____